# EXHIBIT 10

# ICSID ADDITIONAL FACILITY RULES

**International Centre for
Settlement of Investment Disputes**

1818 H Street, N.W.
Washington, D.C. 20433, U.S.A.

**ICSID/11**
**April 2006**

· Not for resale ·

# Summary Table of Contents

*Page*

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5

Additional Facility Rules . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   7

Schedule A – Fact-Finding (Additional Facility) Rules . . . . . . . . . .   13

Schedule B – Conciliation (Additional Facility) Rules . . . . . . . . . .   23

Schedule C – Arbitration (Additional Facility) Rules . . . . . . . . . . .   43

# Introduction

The International Centre for Settlement of Investment Disputes (ICSID or the Centre) is established by the Convention on the Settlement of Investment Disputes between States and Nationals of Other States (the ICSID Convention or the Convention). As at April 10, 2006, 143 countries have ratified the Convention to become Contracting States. Under the ICSID Convention, the Centre provides facilities for conciliation and arbitration of investment disputes between Contracting States and nationals of other Contracting States. The jurisdiction of ICSID, or in other terms, the scope of the Convention, is elaborated upon in Article 25(1) of the Convention. According to Article 25(1), "[t]he jurisdiction of the Centre shall extend to any legal dispute arising directly out of an investment, between a Contracting State (or any constituent subdivision or agency of a Contracting State designated to the Centre by that State) and a national of another Contracting State, which the parties to the dispute consent in writing to submit to the Centre."

The Administrative Council of the Centre has adopted Additional Facility Rules authorizing the Secretariat of ICSID to administer certain categories of proceedings between States and nationals of other States that fall outside the scope of the ICSID Convention. These are (i) fact-finding proceedings; (ii) conciliation or arbitration proceedings for the settlement of investment disputes between parties one of which is not a Contracting State or a national of a Contracting State; and (iii) conciliation and arbitration proceedings between parties at least one of which is a Contracting State or a national of a Contracting State for the settlement of disputes that do not arise directly out of an investment, provided that the underlying transaction is not an ordinary commercial transaction.

The Additional Facility Rules comprise a principal set of Rules Governing the Additional Facility and their three schedules: Fact-Finding Rules (Schedule A), Conciliation Rules (Schedule B) and Arbitration Rules (Schedule C). The latest amendments of the Additional Facility Rules adopted by the Administrative Council of the Centre came into effect on April 10, 2006.

Reprinted in this booklet are the Additional Facility Rules as amended effective April 10, 2006.

# ADDITIONAL FACILITY RULES

# RULES GOVERNING THE ADDITIONAL FACILITY FOR THE ADMINISTRATION OF PROCEEDINGS BY THE SECRETARIAT OF THE INTERNATIONAL CENTRE FOR SETTLEMENT OF INVESTMENT DISPUTES

## (ADDITIONAL FACILITY RULES)

## Table of Contents

*Article*                                                                 *Page*

1    Definitions ...........................................   10

2    Additional Facility ....................................   10

3    Convention Not Applicable ...........................   11

4    Access to the Additional Facility in Respect
     of Conciliation and Arbitration Proceedings
     Subject to Secretary-General's Approval .................   11

5    Administrative and Financial Provisions .................   12

6    Schedules ............................................   12

Additional Facility Rules

9

*Proceedings under the Additional Facility are not governed by the ICSID Convention. In accordance with Article 5 of the Additional Facility Rules, however, certain provisions of the Administrative and Financial Regulations of ICSID apply* mutatis mutandis *in respect of proceedings under the Additional Facility. The Administrative and Financial Regulations are reprinted in* ICSID Convention, Regulations and Rules, *Document ICSID/15 (April 2006).*

# Rules Governing the Additional Facility for the Administration of Proceedings by the Secretariat of the International Centre for Settlement of Investment Disputes

# (Additional Facility Rules)

### Article 1
### Definitions

(1) "Convention" means the Convention on the Settlement of Investment Disputes between States and Nationals of Other States, submitted to Governments by the Executive Directors of the International Bank for Reconstruction and Development on March 18, 1965, which entered into force on October 14, 1966.

(2) "Centre" means the International Centre for Settlement of Investment Disputes established pursuant to Article 1 of the Convention.

(3) "Secretariat" means the Secretariat of the Centre.

(4) "Contracting State" means a State for which the Convention has entered into force.

(5) "Secretary-General" means the Secretary-General of the Centre or his deputy.

(6) "National of another State" means a person who is not, or whom the parties to the proceeding in question have agreed not to treat as, a national of the State party to that proceeding.

### Article 2
### Additional Facility

The Secretariat of the Centre is hereby authorized to administer, subject to and in accordance with these Rules, proceedings between a

State (or a constituent subdivision or agency of a State) and a national of another State, falling within the following categories:

(a) conciliation and arbitration proceedings for the settlement of legal disputes arising directly out of an investment which are not within the jurisdiction of the Centre because either the State party to the dispute or the State whose national is a party to the dispute is not a Contracting State;

(b) conciliation and arbitration proceedings for the settlement of legal disputes which are not within the jurisdiction of the Centre because they do not arise directly out of an investment, provided that either the State party to the dispute or the State whose national is a party to the dispute is a Contracting State; and

(c) fact-finding proceedings.

The administration of proceedings authorized by these Rules is hereinafter referred to as the Additional Facility.

### Article 3
### Convention Not Applicable

Since the proceedings envisaged by Article 2 are outside the jurisdiction of the Centre, none of the provisions of the Convention shall be applicable to them or to recommendations, awards, or reports which may be rendered therein.

### Article 4
### Access to the Additional Facility
### in Respect of Conciliation and Arbitration Proceedings
### Subject to Secretary-General's Approval

(1) Any agreement providing for conciliation or arbitration proceedings under the Additional Facility in respect of existing or future disputes requires the approval of the Secretary-General. The parties may apply for such approval at any time prior to the institution of proceedings by submitting to the Secretariat a copy of the agreement concluded or proposed to be concluded between them together with other relevant documentation and such additional information as the Secretariat may reasonably request.

(2) In the case of an application based on Article 2(a), the Secretary-General shall give his approval only if (a) he is satisfied that the requirements of that provision are fulfilled at the time, and (b) both parties give their consent to the jurisdiction of the Centre under Article 25 of the Convention (in lieu of the Additional Facility) in the event that the jurisdictional requirements *ratione personae* of that Article shall have been met at the time when proceedings are instituted.

Additional Facility Rules

11

(3)  In the case of an application based on Article 2(b), the Secretary-General shall give his approval only if he is satisfied (a) that the requirements of that provision are fulfilled, and (b) that the underlying transaction has features which distinguish it from an ordinary commercial transaction.

(4)  If in the case of an application based on Article 2(b) the jurisdictional requirements *ratione personae* of Article 25 of the Convention shall have been met and the Secretary-General is of the opinion that it is likely that a Conciliation Commission or Arbitral Tribunal, as the case may be, will hold that the dispute arises directly out of an investment, he may make his approval of the application conditional upon consent by both parties to submit any dispute in the first instance to the jurisdiction of the Centre.

(5)  The Secretary-General shall as soon as possible notify the parties whether he approves or disapproves the agreement of the parties. He may hold discussions with the parties or invite the parties to a meeting with the officials of the Secretariat either at the parties' request or at his own initiative. The Secretary-General shall, upon the request of the parties or any of them, keep confidential any or all information furnished to him by such parties or party in connection with the provisions of this Article.

(6)  The Secretary-General shall record his approval of an agreement pursuant to this Article together with the names and addresses of the parties in a register to be maintained at the Secretariat for that purpose.

## Article 5
### Administrative and Financial Provisions

The responsibilities of the Secretariat in operating the Additional Facility and the financial provisions regarding its operation shall be as those established by the Administrative and Financial Regulations of the Centre for conciliation and arbitration proceedings under the Convention. Accordingly, Regulations 14 through 16, 22 through 30 and 34(1) of the Administrative and Financial Regulations of the Centre shall apply, *mutatis mutandis,* in respect of fact-finding, conciliation and arbitration proceedings under the Additional Facility.

## Article 6
### Schedules

Fact-finding, conciliation and arbitration proceedings under the Additional Facility shall be conducted in accordance with the respective Fact-finding (Additional Facility), Conciliation (Additional Facility) and Arbitration (Additional Facility) Rules set forth in Schedules A, B and C.

# SCHEDULE A

# FACT-FINDING (ADDITIONAL FACILITY) RULES

Schedule A
Fact-Finding (Additional Facility) Rules

# SCHEDULE A

# FACT-FINDING (ADDITIONAL FACILITY) RULES

## Table of Contents

| Chapter | Article | | Page |
|---|---|---|---|
| **I** | | **Institution of Proceedings** | |
| | 1 | The Request | 16 |
| | 2 | Contents of the Request | 16 |
| | 3 | Registration of the Request | 17 |
| | 4 | Objections to the Request | 17 |
| | 5 | Settlement of Objections to the Request; Appointment of Special Commissioner | 18 |
| | 6 | Absence of Procedural Arrangement | 18 |
| **II** | | **The Committee and Its Working** | |
| | 7 | Number of Commissioners | 19 |
| | 8 | Constitution of the Committee | 19 |
| | 9 | Sessions of the Committee | 20 |
| | 10 | Conduct of Investigations and Examinations | 20 |
| | 11 | Decisions of the Committee | 20 |
| | 12 | Notices to Be Served by the Committee | 21 |
| | 13 | Determinations of Questions of Procedure | 21 |
| **III** | | **Termination of the Proceedings** | |
| | 14 | Closure of the Proceeding | 21 |
| | 15 | The Report | 21 |
| | 16 | Effect to Be Given to the Report | 22 |
| **IV** | | **Miscellaneous** | |
| | 17 | Cooperation with the Committee | 22 |
| | 18 | Cost of the Proceeding | 22 |
| | 19 | Final Provision | 22 |

**Schedule A**
**Fact-Finding (Additional Facility) Rules**

# Schedule A

# Fact-Finding
# (Additional Facility) Rules

## Chapter I
## Institution of Proceedings

### Article 1
### The Request

(1) Any State or national of a State wishing to institute an inquiry under the Additional Facility to examine and report on facts (hereinafter called a "fact-finding proceeding") shall send a request to that effect in writing to the Secretariat at the seat of the Centre. It shall be drawn up in an official language of the Centre, shall be dated and shall be signed by the requesting party or its duly authorized representative.

(2) The request may be made jointly by the parties to the fact-finding proceeding.

### Article 2
### Contents of the Request

(1) The request shall:

    (a) designate precisely each party to the fact-finding proceeding and state the address of each;

    (b) set forth the agreement between the parties providing for recourse to the fact-finding proceeding; and

    (c) state the circumstances to be examined and reported on.

(2) The request shall in addition set forth any provisions agreed by the parties regarding the number of commissioners, their qualifications, appointment, replacement, resignation and disqualification, the extent of the powers of the Committee, the appointment of its President, and the place of its sessions, as well as the procedure to be followed in the fact-finding proceeding (hereinafter called the "Procedural Arrangement").

(3) The request shall be accompanied by five additional signed copies and by the fee prescribed pursuant to Regulation 16 of the Administrative and Financial Regulations of the Centre.

## Article 3
## Registration of the Request

(1) As soon as the Secretary-General has satisfied himself that the request conforms in form and substance to the provisions of Article 2 of these Rules he shall register the request in the Fact-finding (Additional Facility) Register, notify the requesting party and the other party of the registration and transmit to the other party a copy of the request and of the accompanying documentation, if any.

(2) The notice of registration of a request shall:

(a) record that the request is registered and indicate the date of the registration and of the dispatch of that notice;

(b) notify each party that all communications in connection with the proceeding will be sent to the address stated in the request, unless another address is indicated to the Secretariat; and

(c) request the other party to inform the Secretary-General in writing within 30 days after receipt of the notice whether it agrees with the request or it objects thereto.

(3) In agreeing with the request, the other party may state additional circumstances which it wishes to be examined and reported on within the scope of the agreement between the parties for recourse to fact-finding proceedings. In that event, the Secretary-General shall request the requesting party to inform him promptly in writing whether it agrees to the inclusion of the additional facts or whether it objects thereto.

## Article 4
## Objections to the Request

(1) Any objection by the other party pursuant to Article 3(2)(c) of these Rules shall be filed by it in writing with the Secretary-General and shall indicate on which of the following grounds it is based and the reasons therefor:

(a) the other party is under no obligation to have recourse to fact-finding;

(b) the circumstances indicated in the request as the circumstances to be examined and reported on are wholly or partly outside the scope of the agreement between the parties for recourse to fact-finding.

(2) The provisions of paragraph (1) of this Article shall apply *mutatis mutandis* to an objection by the requesting party pursuant to Article 3(3) of these Rules.

## Article 5
## Settlement of Objections to the Request;
## Appointment of Special Commissioner

(1) Promptly upon receipt of the notice of objections, the Secretary-General shall send a copy thereof to the requesting party or the other party, as the case may be, and shall invite the parties to meet with him in order to seek to resolve the objections by agreement.

(2) Failing such agreement, he shall invite the parties to designate within 30 days a third party (hereinafter called the "Special Commissioner") to rule on the objections.

(3) If the parties shall not have designated the Special Commissioner within the period specified in paragraph (2) of this Article, or such other period as the parties may agree, and if they or either one of them shall not be willing to request the Chairman of the Administrative Council (hereinafter called the "Chairman") or any other authority to designate the Special Commissioner, the Secretary-General shall inform the parties that the fact-finding proceeding cannot be held, recording the failure of the parties or one of them to cooperate.

(4) The Special Commissioner shall rule on the objections only after hearing both parties and in his ruling shall decide whether or not the fact-finding proceeding is to continue, stating the reasons for his decision. If he decides that the proceeding is to continue, he shall determine the scope thereof.

## Article 6
## Absence of Procedural Arrangement

(1) If, or to the extent that, the request does not set forth an agreement between the parties regarding the matters referred to in Article 2(2) of these Rules, the Secretary-General shall invite the parties to conclude in writing and furnish to the Secretariat within 30 days a Procedural Arrangement. The Procedural Arrangement may include any other matter or matters the parties may agree.

(2) If the Procedural Arrangement cannot be concluded within the period referred to in paragraph (1) of this Article, or such other period as the parties may agree, the Procedural Arrangement shall be drawn up by the Chairman after consulting with the parties and shall be binding upon the parties.

(3) Unless the parties agree otherwise, the Procedural Arrangement drawn up by the Chairman shall provide for the appointment of three commissioners. Other provisions made by the Chairman relating to: (a) qualifications, appointment, replacement, resignation, and disqualification of the commissioners, filling up of the vacancies and consequential resumption of proceeding; and (b) incapacity of the

Schedule A
Fact-Finding (Additional Facility) Rules

President of the Committee and procedural matters, including procedural languages, shall, to the extent practicable, be similar to those applicable to conciliators and conciliation proceedings under the Conciliation (Additional Facility) Rules.

(4) Notwithstanding the provisions of paragraph (3) of this Article, the Chairman may, whenever he is satisfied that the circumstances so warrant, include within the Procedural Arrangement provisions similar to written and oral procedures set forth in Chapter VII of the Arbitration (Additional Facility) Rules.

# Chapter II
# The Committee and Its Working

### Article 7
### Number of Commissioners

(1) Except as the parties may otherwise agree, the Committee shall consist of a sole commissioner or any uneven number of commissioners.

(2) If the Committee is to consist of three or more commissioners, one person shall be appointed the President of the Committee. References in these Rules to a Committee or a President of a Committee shall include a sole commissioner.

### Article 8
### Constitution of the Committee

(1) The Committee shall be deemed to be constituted and the proceeding to have begun on the date the Secretary-General notifies the parties that all the commissioners have accepted their appointments.

(2) Before or at the first session of the Committee, each commissioner shall sign a declaration in the following form:

"To the best of my knowledge there is no reason why I should not serve on the Fact-finding Committee constituted to examine certain facts under the Additional Facility pursuant to an agreement between _____ and _____.

"I shall keep confidential all information coming to my knowledge as a result of my participation in this proceeding, as well as the contents of any report drawn up by the Committee.

"I shall not accept any instruction or compensation with regard to the proceeding from any source except as provided in the Administrative and Financial Regulations of the Centre.

Schedule A
Fact-Finding (Additional Facility) Rules

"A statement of my past and present professional, business and other relevant relationships (if any) with the parties is attached hereto."

Any commissioner failing to sign such a declaration by the end of the first session of the Committee shall be deemed to have resigned.

## Article 9
## Sessions of the Committee

(1)  The Committee shall meet for its first session within 60 days after its constitution or such other period as the parties may agree. The dates of the first and subsequent sessions shall be fixed by the President of the Committee after consultation with its members and the Secretary-General, and with the parties as far as possible. If, upon its constitution, the Committee has no President, such dates shall be fixed by the Secretary-General after consultation with the members of the Committee, and with the parties as far as possible.

(2)  The President of the Committee shall: (a) convene its subsequent sessions within time limits determined by the Committee; (b) conduct its hearings and preside at its deliberations; and (c) fix the date and hour of its sittings.

(3)  The Secretary-General shall notify the members of the Committee and the parties of the dates and place of the sessions of the Committee in good time.

(4)  The sessions of the Committee shall not be public.

## Article 10
## Conduct of Investigations and Examinations

Each investigation, and each examination of a locality, must be made in the presence of agents and counsel of the parties or after they have been duly notified.

## Article 11
## Decisions of the Committee

(1)  Except as the parties shall otherwise agree, all decisions of the Committee shall be taken by a majority of the votes of all its members.

(2)  Abstention by any member of the Committee shall count as a negative vote.

### Article 12
### Notices to Be Served by the Committee

The Secretary-General shall, to the extent possible, make necessary arrangements for the serving of notices by the Committee.

### Article 13
### Determinations of Questions of Procedure

Subject to the provisions of this Chapter, the constitution of the Committee and its procedure shall be governed by the Procedural Arrangement. Any matters not provided for in these Rules or in the Procedural Arrangement shall be determined by agreement of the parties or, failing such agreement, by the Committee.

## Chapter III
## Termination of the Proceedings

### Article 14
### Closure of the Proceeding

(1) After the parties have presented all the explanations and evidence, and the witnesses (if any) have all been heard, the President of the Committee shall declare the fact-finding proceeding closed, and the Committee shall adjourn to deliberate and draw up its report (hereinafter called the "Report").

(2) If one party fails to appear or participate in the proceeding or cooperate with the Committee at any stage, and the Committee determines that as a result thereof it is unable to carry out its task, it shall, after notice to the parties, close the proceeding and draw up its Report, noting the reference to fact-finding under the Additional Facility and recording the failure of that party to appear, participate or cooperate.

### Article 15
### The Report

(1) The Report of the Committee shall be adopted by a majority of all the commissioners.

(2) The Report shall be signed by all the commissioners. The refusal by a commissioner to sign the Report shall not invalidate the Report. The fact of such refusal shall be recorded.

(3) If a commissioner dissents from the Report that fact will be noted in the Report. The commissioner may in addition attach a statement to the Report explaining the reasons for his dissent.

(4) The Report shall be limited to findings of fact. The Report shall not contain any recommendations to the parties nor shall it have the character of an award.

## Article 16
### Effect to Be Given to the Report

The parties shall be entirely free as to the effect to be given to the Report.

# Chapter IV
# Miscellaneous

## Article 17
### Cooperation with the Committee

The parties undertake to facilitate the work of the Committee and to supply it with all means and facilities necessary to enable it to become fully acquainted with, and to accurately understand, the facts in question. Without prejudice to the generality of the foregoing, the parties in particular undertake to supply the Committee to the greatest possible extent with all relevant documents and information, as well as to use the means at their disposal to allow the Committee to visit the localities in question and to summon and hear witnesses or experts.

## Article 18
### Cost of the Proceeding

The fees and expenses of the members of the Committee and of any Special Commissioner, as well as the charges for the use of the facilities of the Centre, shall be borne equally by the parties. Each party shall bear any other expenses it incurs in connection with the proceeding.

## Article 19
### Final Provision

The text of these Rules in each official language of the Centre shall be equally authentic.

# SCHEDULE B

# CONCILIATION (ADDITIONAL FACILITY) RULES

Schedule B
Conciliation (Additional Facility) Rules

# SCHEDULE B

# CONCILIATION (ADDITIONAL FACILITY) RULES

## Table of Contents

| Chapter | Article | | Page |
|---|---|---|---|
| **I** | | **Introduction** | |
| | 1 | Scope of Application ....................... | 27 |
| **II** | | **Institution of Proceedings** | |
| | 2 | The Request .............................. | 27 |
| | 3 | Contents of the Request .................... | 27 |
| | 4 | Registration of the Request ................. | 28 |
| | 5 | Notice of Registration ..................... | 28 |
| **III** | | **The Commission** | |
| | 6 | General Provisions ........................ | 29 |
| | 7 | Qualifications of Conciliators ............... | 29 |
| | 8 | Method of Constituting the Commission in the Absence of Previous Agreement between the Parties ........................ | 29 |
| | 9 | Appointment of Conciliators to Commission Constituted in Accordance with Article 6(3) of These Rules ............................ | 30 |
| | 10 | Appointment of Conciliators and Designation of President of the Commission by the Chairman ............... | 31 |
| | 11 | Acceptance of Appointments ................. | 31 |
| | 12 | Replacement of Conciliators prior to Constitution of the Commission ............. | 32 |
| | 13 | Constitution of the Commission ............. | 32 |
| | 14 | Replacement of Conciliators after Constitution of the Commission ............. | 32 |
| | 15 | Disqualification of Conciliators .............. | 33 |
| | 16 | Procedure during a Vacancy on the Commission .......................... | 33 |
| | 17 | Filling Vacancies on the Commission .......... | 34 |
| | 18 | Resumption of Proceeding after Filling a Vacancy ........................... | 34 |
| **IV** | | **Place of Proceedings** | |
| | 19 | Determination of Place of Conciliation Proceeding ..................... | 34 |

| V | | **Working of the Commission** | |
|---|---|---|---|
| | 20 | Sessions of the Commission ................. | 35 |
| | 21 | Sittings of the Commission ................... | 35 |
| | 22 | Deliberations of the Commission ............. | 35 |
| | 23 | Decisions of the Commission ................ | 36 |
| | 24 | Incapacity of the President .................. | 36 |
| | 25 | Representation of the Parties ................. | 36 |
| **VI** | | **General Procedural Provisions** | |
| | 26 | Procedural Orders .......................... | 36 |
| | 27 | Preliminary Procedural Consultation .......... | 37 |
| | 28 | Procedural Languages ....................... | 37 |
| | 29 | Supporting Documentation .................. | 38 |
| **VII** | | **Conciliation Procedures** | |
| | 30 | Functions of the Commission ................ | 38 |
| | 31 | Cooperation of the Parties ................... | 39 |
| | 32 | Transmission of the Request ................. | 39 |
| | 33 | Written Statements ......................... | 39 |
| | 34 | Hearings .................................. | 40 |
| | 35 | Witnesses and Experts ...................... | 40 |
| **VIII** | | **Termination of the Proceedings** | |
| | 36 | Objections to Competence .................. | 40 |
| | 37 | Closure of the Proceeding ................... | 41 |
| | 38 | The Report ................................ | 41 |
| | 39 | Communication of the Report ............... | 42 |
| **IX** | | **Costs** | |
| | 40 | Cost of Proceeding ......................... | 42 |
| **X** | | **General Provisions** | |
| | 41 | Final Provision ............................ | 42 |

# Schedule B

# Conciliation (Additional Facility) Rules

## Chapter I
## Introduction

### Article 1
### Scope of Application

Where the parties to a dispute have agreed that it shall be referred to conciliation under the Conciliation (Additional Facility) Rules, the dispute shall be settled in accordance with these Rules.

## Chapter II
## Institution of Proceedings

### Article 2
### The Request

(1) Any State or any national of a State wishing to institute conciliation proceedings under the Additional Facility shall send a request to that effect in writing to the Secretariat at the seat of the Centre. It shall be drawn up in an official language of the Centre, shall be dated and shall be signed by the requesting party or its duly authorized representative.

(2) The request may be made jointly by the parties to the dispute.

### Article 3
### Contents of the Request

(1) The request shall:

    (a) designate precisely each party to the dispute and state the address of each;

    (b) set forth the relevant provisions embodying the agreement of the parties to refer the dispute to conciliation;

    (c) contain information concerning the issues in dispute;

    (d) indicate the date of approval by the Secretary-General pursuant to Article 4 of the Additional Facility Rules of the

agreement of the parties providing for access to the Additional Facility; and

(e) state, if the requesting party is a juridical person, that it has taken all necessary internal actions to authorize the request.

(2) The request may in addition set forth any provisions agreed by the parties regarding the number of conciliators and the method of their appointment, as well as any other provisions agreed concerning the settlement of the dispute.

(3) The request shall be accompanied by five additional signed copies, and by the fee prescribed pursuant to Regulation 16 of the Administrative and Financial Regulations of the Centre.

## Article 4
### Registration of the Request

As soon as the Secretary-General shall have satisfied himself that the request conforms in form and substance to the provisions of Article 3 of these Rules, he shall register the request in the Conciliation (Additional Facility) Register and on the same day dispatch to the parties a notice of registration. He shall also transmit a copy of the request and of the accompanying documentation (if any) to the other party to the dispute.

## Article 5
### Notice of Registration

The notice of registration of a request shall:

(a) record that the request is registered and indicate the date of the registration and of the dispatch of the notice;

(b) notify each party that all communications in connection with the proceeding will be sent to the address stated in the request, unless another address is indicated to the Secretariat;

(c) unless such information has already been provided, invite the parties to communicate to the Secretary-General any provisions agreed by them regarding the number and the method of appointment of the conciliators;

(d) remind the parties that the registration of the request is without prejudice to the powers and functions of the Conciliation Commission in regard to competence and the merits; and

(e) invite the parties to proceed, as soon as possible, to constitute a Conciliation Commission in accordance with Chapter III of these Rules.

# Chapter III
# The Commission

## Article 6
## General Provisions

(1)  Upon the dispatch of the notice of registration of the request for conciliation, the parties shall promptly proceed to constitute a Conciliation Commission.

(2)  The Commission shall consist of a sole conciliator or any uneven number of conciliators appointed as the parties shall agree.

(3)  In the absence of agreement between the parties regarding the number of conciliators and the method of their appointment, the Commission shall consist of three conciliators, one conciliator appointed by each party and the third, who shall be the President of the Commission, appointed by agreement of the parties.

(4)  If the Commission shall not have been constituted within 90 days after the notice of registration of the request for conciliation has been dispatched by the Secretary-General, or such other period as the parties may agree, the Chairman of the Administrative Council (hereinafter called the "Chairman") shall, at the request in writing of either party transmitted through the Secretary-General, appoint the conciliator or conciliators not yet appointed and, unless the President shall already have been designated or is to be designated later, designate a conciliator to be President of the Commission.

## Article 7
## Qualifications of Conciliators

Conciliators shall be persons of high moral character and recognized competence in the fields of law, commerce, industry or finance, who may be relied upon to exercise independent judgment.

## Article 8
## Method of Constituting the Commission in the Absence of Previous Agreement between the Parties

(1)  If the parties, at the time of the registration of the request for conciliation, have not agreed upon the number of conciliators and the method of their appointment, they shall, unless they agree otherwise, follow the following procedures:

>    (a)  the requesting party shall, within 10 days after the registration of the request, propose to the other party the appointment of a sole conciliator or of a specified uneven number

of conciliators and specify the method proposed for their appointment;

(b) within 20 days after receipt of the proposals made by the requesting party, the other party shall:

(i) accept such proposals; or

(ii) make other proposals regarding the number of conciliators and the method of their appointment; and

(c) within 20 days after receipt of the reply containing any such proposals, the requesting party shall notify the other party whether it accepts or rejects such proposals.

(2) The communications provided for in paragraph (1) of this Article shall be made or promptly confirmed in writing and shall either be transmitted through the Secretary-General or directly between the parties with a copy to the Secretary-General. The parties shall promptly notify the Secretary-General of the contents of any agreement reached.

(3) At any time 60 days after the registration of the request, if no agreement on another procedure is reached, either party may inform the Secretary-General that it chooses the formula provided for in Article 6(3) of these Rules. The Secretary-General shall thereupon promptly inform the parties that the Commission is to be constituted in accordance with that provision.

## Article 9
## Appointment of Conciliators to Commission Constituted in Accordance with Article 6(3) of These Rules

(1) If the Commission is to be constituted in accordance with Article 6(3) of these Rules:

(a) either party shall, in a communication to the other party:

(i) name two persons, identifying one of them as the conciliator appointed by it and the other as the conciliator proposed to be the President of the Commission; and

(ii) invite the other party to concur in the appointment of the conciliator proposed to be the President of the Commission and to appoint another conciliator;

(b) promptly upon receipt of this communication the other party shall, in its reply:

(i) name a person as the conciliator appointed by it; and

(ii) concur in the appointment of the conciliator proposed to be the President of the Commission or name another person as the conciliator proposed to be the President; and

(c) promptly upon receipt of the reply containing such a proposal, the initiating party shall notify the other party whether it concurs in the appointment of the conciliator proposed by that party to be the President of the Commission.

(2) The communications provided for in this Article shall be made or promptly confirmed in writing and shall either be transmitted through the Secretary-General or directly between the parties with a copy to the Secretary-General.

## Article 10
### Appointment of Conciliators and Designation of President of the Commission by the Chairman

(1) Promptly upon receipt of a request by a party to the Chairman to make an appointment or designation pursuant to Article 6(4) of these Rules, the Secretary-General shall send a copy thereof to the other party.

(2) The Chairman shall use his best efforts to comply with that request within 30 days after its receipt. Before he proceeds to make appointments or a designation, he shall consult both parties as far as possible.

(3) The Secretary-General shall promptly notify the parties of any appointment or designation made by the Chairman.

## Article 11
### Acceptance of Appointments

(1) The party or parties concerned shall notify the Secretary-General of the appointment of each conciliator and indicate the method of his appointment.

(2) As soon as the Secretary-General has been informed by a party or the Chairman of the appointment of a conciliator, he shall seek an acceptance from the appointee.

(3) If a conciliator fails to accept his appointment within 15 days, the Secretary-General shall promptly notify the parties, and if appropriate the Chairman, and invite them to proceed to the appointment of another conciliator in accordance with the method followed for the previous appointment.

**Schedule B**
**Conciliation (Additional Facility) Rules**

### Article 12
### Replacement of Conciliators prior to
### Constitution of the Commission

At any time before the Commission is constituted, each party may replace any conciliator appointed by it and the parties may by common consent agree to replace any conciliator.

### Article 13
### Constitution of the Commission

(1)  The Commission shall be deemed to be constituted and the proceeding to have begun on the date the Secretary-General notifies the parties that all the conciliators have accepted their appointment.

(2)  Before or at the first session of the Commission, each conciliator shall sign a declaration in the following form:

"To the best of my knowledge there is no reason why I should not serve on the Conciliation Commission constituted with respect to a dispute between _____ and _____.

"I shall keep confidential all information coming to my knowledge as a result of my participation in this proceeding, as well as the contents of any report drawn up by the Commission.

"I shall not accept any instruction or compensation with regard to the proceeding from any source except as provided in the Administrative and Financial Regulations of the Centre.

"A statement of my past and present professional, business and other relevant relationships (if any) with the parties is attached hereto."

Any conciliator failing to sign such a declaration by the end of the first session of the Tribunal shall be deemed to have resigned.

### Article 14
### Replacement of Conciliators after
### Constitution of the Commission

(1)  After a Commission has been constituted and proceedings have begun, its composition shall remain unchanged; provided, however, that if a conciliator should die, become incapacitated, resign or be disqualified, the resulting vacancy shall be filled as provided in this Article and Article 17 of these Rules.

(2)  If a conciliator becomes incapacitated or unable to perform the duties of his office, the procedure in respect of the disqualification of conciliators set forth in Article 15 shall apply.

(3) A conciliator may resign by submitting his resignation to the other members of the Commission and the Secretary-General. If the conciliator was appointed by one of the parties, the Commission shall promptly consider the reasons for his resignation and decide whether it consents thereto. The Commission shall promptly notify the Secretary-General of its decision.

## Article 15
## Disqualification of Conciliators

(1) A party may propose to a Commission the disqualification of any of its members on account of any fact indicating a manifest lack of the qualities required by Article 7 of these Rules.

(2) A party proposing the disqualification of a conciliator shall promptly, and in any event before the proceeding is declared closed, file its proposal with the Secretary-General, stating its reasons therefor.

(3) The Secretary-General shall forthwith:

   (a) transmit the proposal to the members of the Commission and, if it relates to a sole conciliator or to a majority of the members of the Commission, to the Chairman; and

   (b) notify the other party of the proposal.

(4) The conciliator to whom the proposal relates may, without delay, furnish explanations to the Commission or the Chairman, as the case may be.

(5) The decision on any proposal to disqualify a conciliator shall be taken by the other members of the Commission except that where those members are equally divided, or in the case of a proposal to disqualify a sole conciliator, or a majority of the conciliators, the Chairman shall take that decision.

(6) Whenever the Chairman has to decide on a proposal to disqualify a conciliator, he shall use his best efforts to take that decision within 30 days after he has received the proposal.

(7) The proceeding shall be suspended until a decision has been taken on the proposal.

## Article 16
## Procedure during a Vacancy
## on the Commission

(1) The Secretary-General shall forthwith notify the parties and, if necessary, the Chairman of the disqualification, death, incapacity or resignation of a conciliator and of the consent, if any, of the Commission to a resignation.

**Schedule B**
**Conciliation (Additional Facility) Rules**

(2)  Upon the notification by the Secretary-General of a vacancy on the Commission, the proceeding shall be or remain suspended until the vacancy has been filled.

### Article 17
### Filling Vacancies on the Commission

(1)  Except as provided in paragraph (2) of this Article, a vacancy resulting from the disqualification, death, incapacity or resignation of a conciliator shall be promptly filled by the same method by which his appointment has been made.

(2)  In addition to filling vacancies relating to conciliators appointed by him, the Chairman shall:

> (a)  fill a vacancy caused by the resignation, without the consent of the Commission, of a conciliator appointed by a party; or

> (b)  at the request of either party, fill any other vacancy, if no new appointment is made and accepted within 45 days of the notification of the vacancy by the Secretary-General.

(3)  In filling a vacancy the party or the Chairman, as the case may be, shall observe the provisions of these Rules with respect to the appointment of conciliators. Article 13(2) of these Rules shall apply *mutatis mutandis* to the newly appointed conciliator.

### Article 18
### Resumption of Proceeding
### after Filling a Vacancy

As soon as a vacancy on the Commission has been filled, the proceeding shall continue from the point it had reached at the time the vacancy occurred. The newly appointed conciliator may, however, require that the oral procedure be recommenced, if this had already been started.

## Chapter IV
## Place of Proceedings

### Article 19
### Determination of Place
### of Conciliation Proceeding

Unless the parties have agreed upon the place where the conciliation proceeding is to be held, such place shall be determined by the Secretary-General in consultation with the President of the Commis-

sion, or if there is no President, with the single conciliator, having regard to the circumstances of the proceeding and the convenience of the parties.

# Chapter V
# Working of the Commission

## Article 20
## Sessions of the Commission

(1) The Commission shall meet for its first session within 60 days after its constitution or such other period as the parties may agree. The dates of that session shall be fixed by the President of the Commission after consultation with its members and the Secretariat, and with the parties as far as possible. If, upon its constitution, the Commission has no President, such dates shall be fixed by the Secretary-General after consultation with the members of the Commission, and with the parties as far as possible.

(2) Subsequent sessions shall be convened by the President within time limits determined by the Commission. The dates of such sessions shall be fixed by the President of the Commission after consultation with its members and the Secretariat, and with the parties as far as possible.

(3) The Secretary-General shall notify the members of the Commission and the parties of the dates and place of the sessions of the Commission in good time.

## Article 21
## Sittings of the Commission

(1) The President of the Commission shall conduct its hearings and preside at its deliberations.

(2) Except as the parties otherwise agree, the presence of a majority of the members of the Commission shall be required at its sittings.

(3) The President of the Commission shall fix the date and hour of its sittings.

## Article 22
## Deliberations of the Commission

(1) The deliberations of the Commission shall take place in private and remain secret.

(2)  Only members of the Commission shall take part in its deliberations. No other person shall be admitted unless the Commission decides otherwise.

## Article 23
### Decisions of the Commission

(1)  The decisions of the Commission shall be taken by a majority of the votes of all its members. Abstention by any member of the Commission shall count as a negative vote.

(2)  Except as otherwise provided by these Rules or decided by the Commission, it may take any decision by correspondence among its members, provided that all of them are consulted. Decisions so taken shall be certified by the President of the Commission.

## Article 24
### Incapacity of the President

If at any time the President of the Commission should be unable to act, his functions shall be performed by one of the other members of the Commission, acting in the order in which the Secretariat had received the notice of their acceptance of their appointment to the Commission.

## Article 25
### Representation of the Parties

(1)  Each party may be represented or assisted by agents, counsel or advocates whose names and authority shall be notified by that party to the Secretariat, which shall promptly inform the Commission and the other party.

(2)  For the purposes of these Rules, the expression "party" includes, where the context so admits, an agent, counsel or advocate authorized to represent that party.

# Chapter VI
## General Procedural Provisions

## Article 26
### Procedural Orders

The Commission shall make the orders required for the conduct of the proceeding.

## Article 27
### Preliminary Procedural Consultation

(1)  As early as possible after the constitution of a Commission, its President shall endeavor to ascertain the views of the parties regarding questions of procedure. For this purpose he may request the parties to meet him. He shall, in particular, seek their views on the following matters:

> (a)  the number of members of the Commission required to constitute a quorum at its sittings;
>
> (b)  the language or languages to be used in the proceeding;
>
> (c)  the evidence, oral or written, which each party intends to produce or to request the Commission to call for, and the written statements which each party intends to file, as well as the time limits within which such evidence should be produced and such statements filed;
>
> (d)  the number of copies desired by each party of instruments filed by the other; and
>
> (e)  the manner in which the record of the hearings shall be kept.

(2)  In the conduct of the proceeding the Commission shall apply any agreement between the parties on procedural matters, which is not inconsistent with any provisions of the Additional Facility Rules and the Administrative and Financial Regulations of the Centre.

## Article 28
### Procedural Languages

(1) The parties may agree on the use of one or two languages to be used in the proceeding, provided that, if they agree on any language that is not an official language of the Centre, the Commission, after consultation with the Secretary-General, gives its approval. If the parties do not agree on any such procedural language, each of them may select one of the official languages (i.e., English, French and Spanish) for this purpose. Notwithstanding the foregoing, one of the official languages of the Centre shall be used for all communications to and from the Secretariat.

(2)  If two procedural languages are selected by the parties, any instrument may be filed in either language. Either language may be used at the hearings, subject, if the Commission so requires, to translation and interpretation. The recommendations and the report of the Commission shall be rendered and the record kept in both procedural languages, both versions being equally authentic.

### Article 29
### Supporting Documentation

Supporting documentation shall ordinarily be filed together with the instrument to which it relates, and in any case within the time limit for the filing of such instrument.

# Chapter VII
# Conciliation Procedures

### Article 30
### Functions of the Commission

(1) It shall be the duty of the Commission to clarify the issues in dispute between the parties and to endeavour to bring about agreement between them upon mutually acceptable terms.

(2) In order to clarify the issues in dispute between the parties, the Commission shall hear the parties and shall endeavour to obtain any information that might serve this end. The parties shall be associated with its work as closely as possible.

(3) In order to bring about agreement between the parties, the Commission may, from time to time at any stage of the proceeding, make recommendations to the parties, together with arguments in favor thereof, including recommendations to the effect that the parties accept specific terms of settlement or that they refrain, while it seeks to bring about agreement between them, from specific acts that might aggravate the dispute. It may fix time limits within which each party shall inform the Commission of its decision concerning the recommendations made. The parties shall give their most serious consideration to such recommendations.

(4) The Commission, in order to obtain information that might enable it to discharge its functions, may at any stage of the proceeding:

> (a) request from either party oral explanations, documents and other information;

> (b) request evidence from other persons; and

> (c) with the consent of the party concerned, visit any place connected with the dispute or conduct inquiries there, provided that the parties may participate in any such visits and inquiries.

## Article 31
## Cooperation of the Parties

The parties shall cooperate in good faith with the Commission in order to enable the Commission to carry out its functions, and shall give their most serious consideration to its recommendations. Without prejudice to the generality of the foregoing, the parties shall: (a) at the request of the Commission, furnish all relevant documents, information and explanations as well as use the means at their disposal to enable the Commission to hear witnesses and experts whom it desires to call; (b) facilitate visits to and inquiries at any place connected with the dispute that the Commission desires to undertake; and (c) comply with any time limits agreed with or fixed by the Commission.

## Article 32
## Transmission of the Request

As soon as the Commission is constituted, the Secretary-General shall transmit to each member of the Commission a copy each of:

    (a)  the request by which the proceeding was commenced;

    (b)  the supporting documentation;

    (c)  the notice of registration of the request; and

    (d)  any communication received from either party in response thereto.

## Article 33
## Written Statements

(1) Upon the constitution of the Commission, its President shall invite each party to file, within 30 days or such longer time as the President may fix, a written statement of its position. If, upon its constitution, the Commission has no President, such invitation shall be issued and any such longer time limit shall be fixed by the Secretary-General. At any stage of the proceeding, within such time limits as the Commission shall fix, either party may file such other written statements as it deems useful and relevant.

(2) Except as otherwise provided by the Commission after consultation with the parties and the Secretary-General, every written statement or other instrument shall be filed in the form of a signed original accompanied by additional copies whose number shall be two more than the number of members of the Commission.

**Schedule B**
**Conciliation (Additional Facility) Rules**

### Article 34
### Hearings

(1)  The hearings of the Commission shall take place in private and, except as the parties otherwise agree, shall remain secret.

(2)  The Commission shall decide, with the consent of the parties, which other persons besides the parties, their agents, counsel and advocates, witnesses and experts during their testimony, and officers of the Commission may attend the hearings.

### Article 35
### Witnesses and Experts

(1)  Each party may, at any stage of the proceeding, request that the Commission hear the witnesses and experts whose evidence the party considers relevant. The Commission shall fix a time limit within which such hearing shall take place.

(2)  Witnesses and experts shall, as a rule, be examined before the Commission by the parties under the control of its President. Questions may also be put to them by any member of the Commission.

(3)  If a witness or expert is unable to appear before it, the Commission, in agreement with the parties, may make appropriate arrangements for the evidence to be given in a written deposition or to be taken by examination elsewhere. The parties may participate in any such examination.

## Chapter VIII
## Termination of the Proceeding

### Article 36
### Objections to Competence

(1)  The Commission shall have the power to rule on its competence.

(2)  Any objection that the dispute is not within the competence of the Commission, shall be filed by a party with the Secretary-General as soon as possible after the constitution of the Commission and in any event no later than in its first written statement or at the first hearing if that occurs earlier, unless the facts on which the objection is based are unknown to the party at that time.

(3)  The Commission may on its own initiative consider, at any stage of the proceeding, whether the dispute before it is within its competence.

(4)  Upon the formal raising of an objection, the proceeding on the merits shall be suspended. The Commission may deal with the objection as a preliminary question or join it to the merits of the dispute. If

Schedule B
Conciliation (Additional Facility) Rules

the Commission overrules the objection or joins it to the merits, the proceedings on the merits shall be resumed. If the Commission decides that the dispute is not within its competence, it shall close the proceeding and draw up a report to that effect, in which it shall state its reasons.

## Article 37
## Closure of the Proceeding

(1) If one party fails to appear or participate in the proceeding, the Commission shall, after notice to the parties, close the proceeding and draw up its report noting the reference of the dispute to conciliation and recording the failure of that party to appear or participate.

(2) If at any stage of the proceeding it appears to the Commission that there is no likelihood of settlement between the parties, the Commission shall, after notice to the parties, close the proceeding and draw up its report noting the reference of the dispute to conciliation and recording the failure of the parties to reach a settlement.

(3) If the parties reach agreement on the issues in dispute, the Commission shall close the proceeding and draw up its report noting the issues in dispute and recording that the parties have reached agreement. At the request of the parties, the report shall record the detailed terms and conditions of their agreement.

(4) Except as the parties otherwise agree, neither party to a conciliation proceeding may in any other proceeding before arbitrators, courts or otherwise invoke or rely on any views expressed or statements or admissions or offers of settlement made by the other party in the conciliation proceeding, or the report or any recommendations made by the Commission.

## Article 38
## The Report

(1) The report of the Commission shall be drawn up and signed as soon as possible after the closure of the proceeding. It shall contain, in addition to the material specified in Article 37 of these Rules, as appropriate:

> (a) a precise designation of each party;
>
> (b) a description of the method of constitution of the Commission;
>
> (c) the names of the members of the Commission, and an identification of the appointing authority of each;
>
> (d) the names of the agents, counsel and advocates of the parties;
>
> (e) the dates and place of the sittings of the Commission; and
>
> (f) a summary of the proceeding.

**Schedule B**
**Conciliation (Additional Facility) Rules**

(2) The report shall also record any agreement of the parties, referred to in Article 37(4) of these Rules.

(3) The report shall be signed by the members of the Commission; the date of each signature shall be indicated. The fact that a member refuses to sign the report shall be recorded therein.

## Article 39
### Communication of the Report

(1) Upon signature of the last conciliator to sign, the Secretary-General shall promptly:

(a)  authenticate the original text of the report and deposit it in the archives of the Secretariat; and

(b)  dispatch a certified copy of the report to each party, indicating the date of dispatch on the original text and on all copies.

(2) The Secretary-General shall, upon request, make available to a party additional certified copies of the report.

# Chapter IX
# Costs

## Article 40
### Cost of Proceeding

The fees and expenses of the members of the Commission, as well as the charge for the use of facilities of the Centre, shall be borne equally by the parties. Each party shall bear any other expenses it incurs with the proceeding. The Secretariat shall provide the Commission and the parties all information in its possession to facilitate the division of the costs.

# Chapter X
# General Provisions

## Article 41
### Final Provision

The text of these Rules in each official language of the Centre shall be equally authentic.

Schedule B
Conciliation (Additional Facility) Rules

# SCHEDULE C

# ARBITRATION (ADDITIONAL FACILITY) RULES

**Schedule C**
**Arbitration (Additional Facility) Rules**

# SCHEDULE C

# ARBITRATION (ADDITIONAL FACILITY) RULES

## Table of Contents

| *Chapter* | *Article* | | *Page* |
|---|---|---|---|
| **I** | | **Introduction** | |
| | 1 | Scope of Application  . . . . . . . . . . . . . . . . . . . . . . . | 48 |
| **II** | | **Institution of Proceedings** | |
| | 2 | The Request . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 48 |
| | 3 | Contents of the Request . . . . . . . . . . . . . . . . . . . . . | 48 |
| | 4 | Registration of the Request  . . . . . . . . . . . . . . . . . . | 49 |
| | 5 | Notice of Registration  . . . . . . . . . . . . . . . . . . . . . . | 49 |
| **III** | | **The Tribunal** | |
| | 6 | General Provisions  . . . . . . . . . . . . . . . . . . . . . . . . . | 50 |
| | 7 | Nationality of Arbitrators  . . . . . . . . . . . . . . . . . . . | 50 |
| | 8 | Qualifications of Arbitrators  . . . . . . . . . . . . . . . . . | 51 |
| | 9 | Method of Constituting the Tribunal in the Absence of Agreement Between the Parties . . | 51 |
| | 10 | Appointment of Arbitrators and Designation of President of Tribunal by the Chairman of the Administrative Council . . . . . . . . . . . . . . . | 52 |
| | 11 | Acceptance of Appointments . . . . . . . . . . . . . . . . . | 52 |
| | 12 | Replacement of Arbitrators prior to Constitution of the Tribunal . . . . . . . . . . . . . . . . . | 52 |
| | 13 | Constitution of the Tribunal . . . . . . . . . . . . . . . . . | 52 |
| | 14 | Replacement of Arbitrators after Constitution of the Tribunal . . . . . . . . . . . . . . . . . | 53 |
| | 15 | Disqualification of Arbitrators  . . . . . . . . . . . . . . . | 54 |
| | 16 | Procedure during a Vacancy on the Tribunal . . . . | 54 |
| | 17 | Filling Vacancies on the Tribunal  . . . . . . . . . . . . . | 55 |
| | 18 | Resumption of Proceeding after Filling a Vacancy . . . . . . . . . . . . . . . . . . . . . . . . . . . | 55 |
| **IV** | | **Place of Arbitration** | |
| | 19 | Limitation on Choice of Forum  . . . . . . . . . . . . . . | 55 |
| | 20 | Determination of Place of Arbitration . . . . . . . . . | 56 |

**Schedule C
Arbitration (Additional Facility) Rules**

**V**       **Working of the Tribunal**
        21    Sessions of the Tribunal ....................    56
        22    Sittings of the Tribunal .......................    56
        23    Deliberations of the Tribunal  ................    57
        24    Decisions of the Tribunal ....................    57
        25    Incapacity of the President  ..................    57
        26    Representation of the Parties .................    57

**VI**      **General Procedural Provisions**
        27    Procedural Orders ..........................    58
        28    Preliminary Procedural Consultation ..........    58
        29    Pre-Hearing Conference ......................    58
        30    Procedural Languages ........................    59
        31    Copies of Instruments  ......................    59
        32    Supporting Documentation ...................    59
        33    Time Limits ...............................    60
        34    Waiver  ..................................    60
        35    Filling of Gaps ............................    60

**VII**     **Written and Oral Procedures**
        36    Normal Procedures ..........................    60
        37    Transmission of the Request  .................    60
        38    The Written Procedure .......................    61
        39    The Oral Procedure  ........................    61
        40    Marshalling of Evidence ......................    62
        41    Evidence: General Principles ..................    62
        42    Examination of Witnesses and Experts  ........    63
        43    Witnesses and Experts: Special Rules ..........    63
        44    Closure of the Proceeding  ...................    63

**VIII**    **Particular Procedures**
        45    Preliminary Objections  .....................    63
        46    Provisional Measures of Protection  ...........    64
        47    Ancillary Claims  ...........................    65
        48    Default ...................................    65
        49    Settlement and Discontinuance ...............    66
        50    Discontinuance at Request of a Party ..........    66
        51    Discontinuance for Failure of Parties to Act  ....    66

**IX**         **The Award**

     52     The Award ................................ 67

     53     Authentication of the Award;

             Certified Copies; Date ...................... 67

     54     Applicable Law ............................ 68

     55     Interpretation of the Award .................. 68

     56     Correction of the Award .................... 69

     57     Supplementary Decisions .................... 69

**X**          **Costs**

     58     Cost of Proceeding ......................... 69

**XI**        **General Provisions**

     59     Final Provision ............................ 70

**Schedule C**
**Arbitration (Additional Facility) Rules**

# Schedule C

# Arbitration (Additional Facility) Rules

## Chapter I
## Introduction

### Article 1
### Scope of Application

Where the parties to a dispute have agreed that it shall be referred to arbitration under the Arbitration (Additional Facility) Rules, the dispute shall be settled in accordance with these Rules, save that if any of these Rules is in conflict with a provision of the law applicable to the arbitration from which the parties cannot derogate, that provision shall prevail.

## Chapter II
## Institution of Proceedings

### Article 2
### The Request

(1) Any State or any national of a State wishing to institute arbitration proceedings shall send a request to that effect in writing to the Secretariat at the seat of the Centre. It shall be drawn up in an official language of the Centre, shall be dated and shall be signed by the requesting party or its duly authorized representative.

(2) The request may be made jointly by the parties to the dispute.

### Article 3
### Contents of the Request

(1) The request shall:

    (a) designate precisely each party to the dispute and state the address of each;

    (b) set forth the relevant provisions embodying the agreement of the parties to refer the dispute to arbitration;

    (c) indicate the date of approval by the Secretary-General pursuant to Article 4 of the Additional Facility Rules of the

agreement of the parties providing for access to the Additional Facility;

(d) contain information concerning the issues in dispute and an indication of the amount involved, if any; and

(e) state, if the requesting party is a juridical person, that it has taken all necessary internal actions to authorize the request.

(2) The request may in addition set forth any provisions agreed by the parties regarding the number of arbitrators and the method of their appointment, as well as any other provisions agreed concerning the settlement of the dispute.

(3) The request shall be accompanied by five additional signed copies and by the fee prescribed pursuant to Regulation 16 of the Administrative and Financial Regulation of the Centre.

## Article 4
## Registration of the Request

As soon as the Secretary-General shall have satisfied himself that the request conforms in form and substance to the provisions of Article 3 of these Rules, he shall register the request in the Arbitration (Additional Facility) Register and on the same day dispatch to the parties a notice of registration. He shall also transmit a copy of the request and of the accompanying documentation (if any) to the other party to the dispute.

## Article 5
## Notice of Registration

The notice of registration of a request shall:

(a) record that the request is registered and indicate the date of the registration and of the dispatch of the notice;

(b) notify each party that all communications in connection with the proceeding will be sent to the address stated in the request, unless another address is indicated to the Secretariat;

(c) unless such information has already been provided, invite the parties to communicate to the Secretary-General any provisions agreed by them regarding the number and the method of appointment of the arbitrators;

(d) remind the parties that the registration of the request is without prejudice to the powers and functions of the Arbitral Tribunal in regard to competence and the merits; and

(e) invite the parties to proceed, as soon as possible, to constitute an Arbitral Tribunal in accordance with Chapter III of these Rules.

**Schedule C**
**Arbitration (Additional Facility) Rules**

# Chapter III
# The Tribunal

## Article 6
## General Provisions

(1)  In the absence of agreement between the parties regarding the number of arbitrators and the method of their appointment, the Tribunal shall consist of three arbitrators, one arbitrator appointed by each party and the third, who shall be the President of the Tribunal, appointed by agreement of the parties, all in accordance with Article 9 of these Rules.

(2)  Upon the dispatch of the notice of registration of the request for arbitration, the parties shall promptly proceed to constitute a Tribunal.

(3)  The Tribunal shall consist of a sole arbitrator or any uneven number of arbitrators appointed as the parties shall agree.

(4)  If the Tribunal shall not have been constituted within 90 days after the notice of registration of the request for arbitration has been dispatched by the Secretary-General, or such other period as the parties may agree, the Chairman of the Administrative Council (hereinafter called the "Chairman") shall, at the request in writing of either party transmitted through the Secretary-General, appoint the arbitrator or arbitrators not yet appointed and, unless the President shall already have been designated or is to be designated later, designate an arbitrator to be President of the Tribunal.

(5)  Except as the parties shall otherwise agree, no person who had previously acted as a conciliator or arbitrator in any proceeding for the settlement of the dispute or as a member of any fact-finding committee relating thereto may be appointed as a member of the Tribunal.

## Article 7
## Nationality of Arbitrators

(1)  The majority of the arbitrators shall be nationals of States other than the State party to the dispute and of the State whose national is a party to the dispute, unless the sole arbitrator or each individual member of the Tribunal is appointed by agreement of the parties. Where the Tribunal is to consist of three members, a national of either of these States may not be appointed as an arbitrator by a party without the agreement of the other party to the dispute. Where the Tribunal is to consist of five or more members, nationals of either of these States may not be appointed as arbitrators by a party if appointment by the other party of the same number of arbitrators of either of these nationalities would result in a majority of arbitrators of these nationalities.

50

(2) Arbitrators appointed by the Chairman shall not be nationals of the State party to the dispute or of the State whose national is a party to the dispute.

## Article 8
## Qualifications of Arbitrators

Arbitrators shall be persons of high moral character and recognized competence in the fields of law, commerce, industry or finance, who may be relied upon to exercise independent judgment.

## Article 9
## Method of Constituting the Tribunal in the Absence of Agreement Between the Parties

(1) If the parties have not agreed upon the number of arbitrators and the method of their appointment within 60 days after the registration of the request, the Secretary-General shall, upon the request of either party promptly inform the parties that the Tribunal is to be constituted in accordance with the following procedure:

(a) either party shall, in a communication to the other party:

(i) name two persons, identifying one of them, who shall not have the same nationality as nor be a national of either party, as the arbitrator appointed by it, and the other as the arbitrator proposed to be the President of the Tribunal; and

(ii) invite the other party to concur in the appointment of the arbitrator proposed to be the President of the Tribunal and to appoint another arbitrator;

(b) promptly upon receipt of this communication the other party shall, in its reply:

(i) name a person as the arbitrator appointed by it, who shall not have the same nationality as nor be a national of either party; and

(ii) concur in the appointment of the arbitrator proposed to be the President of the Tribunal or name another person as the arbitrator proposed to be President; and

(c) promptly upon receipt of the reply containing such a proposal, the initiating party shall notify the other party whether it concurs in the appointment of the arbitrator proposed by that party to be the President of the Tribunal.

(2) The communications provided for in paragraph (1) of this Article shall be made or promptly confirmed in writing and shall either

be transmitted through the Secretary-General or directly between the parties with a copy to the Secretary-General.

## Article 10
## Appointment of Arbitrators and Designation of President of Tribunal by the Chairman of the Administrative Council

(1) Promptly upon receipt of a request by a party to the Chairman to make an appointment or designation pursuant to Article 6(4) of these Rules, the Secretary-General shall send a copy thereof to the other party.

(2) The Chairman shall use his best efforts to comply with that request within 30 days after its receipt. Before he proceeds to make appointments or a designation, he shall consult both parties as far as possible.

(3) The Secretary-General shall promptly notify the parties of any appointment or designation made by the Chairman.

## Article 11
## Acceptance of Appointments

(1) The party or parties concerned shall notify the Secretary-General of the appointment of each arbitrator and indicate the method of his appointment.

(2) As soon as the Secretary-General has been informed by a party or the Chairman of the appointment of an arbitrator, he shall seek an acceptance from the appointee.

(3) If an arbitrator fails to accept his appointment within 15 days, the Secretary-General shall promptly notify the parties, and if appropriate the Chairman, and invite them to proceed to the appointment of another arbitrator in accordance with the method followed for the previous appointment.

## Article 12
## Replacement of Arbitrators prior to Constitution of the Tribunal

At any time before the Tribunal is constituted, each party may replace any arbitrator appointed by it and the parties may by common consent agree to replace any arbitrator.

## Article 13
## Constitution of the Tribunal

(1) The Tribunal shall be deemed to be constituted and the proceeding to have begun on the date the Secretary-General notifies the parties that all the arbitrators have accepted their appointment.

Arbitration (Additional Facility) Rules

Schedule C

(2) Before or at the first session of the Tribunal, each arbitrator shall sign a declaration in the following form:

"To the best of my knowledge there is no reason why I should not serve on the Arbitral Tribunal constituted with respect to a dispute between _____ and _____.

"I shall keep confidential all information coming to my knowledge as a result of my participation in this proceeding, as well as the contents of any award made by the Tribunal.

"I shall judge fairly as between the parties and shall not accept any instruction or compensation with regard to the proceeding from any source except as provided in the Administrative and Financial Regulations of the Centre.

"Attached is a statement of (a) my past and present professional, business and other relationships (if any) with the parties and (b) any other circumstance that might cause my reliability for independent judgment to be questioned by a party. I acknowledge that by signing this declaration, I assume a continuing obligation promptly to notify the Secretary-General of the Centre of any such relationship or circumstance that subsequently arises during this proceeding."

Any arbitrator failing to sign such a declaration by the end of the first session of the Tribunal shall be deemed to have resigned.

## Article 14
### Replacement of Arbitrators after Constitution of the Tribunal

(1) After a Tribunal has been constituted and proceedings have begun, its composition shall remain unchanged; provided, however, that if an arbitrator should die, become incapacitated, resign or be disqualified, the resulting vacancy shall be filled as provided in this Article and Article 17 of these Rules.

(2) If an arbitrator becomes incapacitated or unable to perform the duties of his office, the procedure in respect of the disqualification of arbitrators set forth in Article 15 shall apply.

(3) An arbitrator may resign by submitting his resignation to the other members of the Tribunal and the Secretary-General. If the arbitrator was appointed by one of the parties, the Tribunal shall promptly consider the reasons for his resignation and decide whether it consents thereto. The Tribunal shall promptly notify the Secretary-General of its decision.

**Schedule C**
**Arbitration (Additional Facility) Rules**

## Article 15
## Disqualification of Arbitrators

(1) A party may propose to a Tribunal the disqualification of any of its members on account of any fact indicating a manifest lack of the qualities required by Article 8 of these Rules, or on the ground that he was ineligible for appointment to the Tribunal under Article 7 of these Rules.

(2) A party proposing the disqualification of an arbitrator shall promptly, and in any event before the proceeding is declared closed, file its proposal with the Secretary-General, stating its reasons therefor.

(3) The Secretary-General shall forthwith:

    (a) transmit the proposal to the members of the Tribunal and, if it relates to a sole arbitrator or to a majority of the members of the Tribunal, to the Chairman; and

    (b) notify the other party of the proposal.

(4) The arbitrator to whom the proposal relates may, without delay, furnish explanations to the Tribunal or the Chairman, as the case may be.

(5) The decision on any proposal to disqualify an arbitrator shall be taken by the other members of the Tribunal except that where those members are equally divided, or in the case of a proposal to disqualify a sole arbitrator, or a majority of the arbitrators, the Chairman shall take that decision.

(6) Whenever the Chairman has to decide on a proposal to disqualify an arbitrator, he shall use his best efforts to take that decision within 30 days after he has received the proposal.

(7) The proceeding shall be suspended until a decision has been taken on the proposal.

## Article 16
## Procedure during a Vacancy on the Tribunal

(1) The Secretary-General shall forthwith notify the parties and, if necessary, the Chairman of the disqualification, death, incapacity or resignation of an arbitrator and of the consent, if any, of the Tribunal to a resignation.

(2) Upon the notification by the Secretary-General of a vacancy on the Tribunal, the proceeding shall be or remain suspended until the vacancy has been filled.

Schedule C
Arbitration (Additional Facility) Rules

## Article 17
## Filling Vacancies on the Tribunal

(1) Except as provided in paragraph (2) of this Article, a vacancy resulting from the disqualification, death, incapacity or resignation of an arbitrator shall be promptly filled by the same method by which his appointment had been made.

(2) In addition to filling vacancies relating to arbitrators appointed by him, the Chairman shall:

> (a) fill a vacancy caused by the resignation, without the consent of the Tribunal, of an arbitrator appointed by a party; or

> (b) at the request of either party, fill any other vacancy, if no new appointment is made and accepted within 45 days of the notification of the vacancy by the Secretary-General.

(3) In filling a vacancy the party or the Chairman, as the case may be, shall observe the provisions of these Rules with respect to the appointment of arbitrators. Article 13(2) of these Rules shall apply *mutatis mutandis* to the newly appointed arbitrator.

## Article 18
## Resumption of Proceeding
## after Filling a Vacancy

As soon as a vacancy on the Tribunal has been filled, the proceeding shall continue from the point it had reached at the time the vacancy occurred. The newly appointed arbitrator may, however, require that the oral procedure be recommenced, if this had already been started.

# Chapter IV
# Place of Arbitration

## Article 19
## Limitation on Choice of Forum

Arbitration proceedings shall be held only in States that are parties to the 1958 UN Convention on the Recognition and Enforcement of Foreign Arbitral Awards.

**Schedule C
Arbitration (Additional Facility) Rules**

## Article 20
## Determination of Place of Arbitration

(1)  Subject to Article 19 of these Rules the place of arbitration shall be determined by the Arbitral Tribunal after consultation with the parties and the Secretariat.

(2)  The Arbitral Tribunal may meet at any place it deems appropriate for the inspection of goods, other property or documents. It may also visit any place connected with the dispute or conduct inquiries there. The parties shall be given sufficient notice to enable them to be present at such inspection or visit.

(3)  The award shall be made at the place of arbitration.

# Chapter V
# Working of the Tribunal

## Article 21
## Sessions of the Tribunal

(1)  The Tribunal shall meet for its first session within 60 days after its constitution or such other period as the parties may agree. The dates of that session shall be fixed by the President of the Tribunal after consultation with its members and the Secretariat, and with the parties as far as possible. If, upon its constitution, the Tribunal has no President, such dates shall be fixed by the Secretary-General after consultation with the members of the Tribunal, and with the parties as far as possible.

(2)  Subsequent sessions shall be convened by the President within time limits determined by the Tribunal. The dates of such sessions shall be fixed by the President of the Tribunal after consultation with its members and the Secretariat, and with the parties as far as possible.

(3)  The Secretary-General shall notify the members of the Tribunal and the parties of the dates and place of the sessions of the Tribunal in good time.

## Article 22
## Sittings of the Tribunal

(1)  The President of the Tribunal shall conduct its hearings and preside at its deliberations.

(2)  Except as the parties otherwise agree, the presence of a majority of the members of the Tribunal shall be required at its sittings.

(3)  The President of the Tribunal shall fix the date and hour of its sittings.

### Article 23
### Deliberations of the Tribunal

(1)  The deliberations of the Tribunal shall take place in private and remain secret.

(2)  Only members of the Tribunal shall take part in its deliberations. No other person shall be admitted unless the Tribunal decides otherwise.

### Article 24
### Decisions of the Tribunal

(1)  Any award or other decision of the Tribunal shall be made by a majority of the votes of all its members. Abstention by any member of the Tribunal shall count as a negative vote.

(2)  Except as otherwise provided by these Rules or decided by the Tribunal, it may take any decisions by correspondence among its members, provided that all of them are consulted. Decisions so taken shall be certified by the President of the Tribunal.

### Article 25
### Incapacity of the President

If at any time the President of the Tribunal should be unable to act, his functions shall be performed by one of the other members of the Tribunal, acting in the order in which the Secretariat had received the notice of their acceptance of their appointment to the Tribunal.

### Article 26
### Representation of the Parties

(1)  Each party may be represented or assisted by agents, counsel or advocates whose names and authority shall be notified by that party to the Secretariat, which shall promptly inform the Tribunal and the other party.

(2)  For the purposes of these Rules, the expression "party" includes, where the context so admits, an agent, counsel or advocate authorized to represent that party.

**Schedule C**
**Arbitration (Additional Facility) Rules**

57

# Chapter VI
# General Procedural Provisions

## Article 27
## Procedural Orders

The Tribunal shall make the orders required for the conduct of the proceeding.

## Article 28
## Preliminary Procedural Consultation

(1) As early as possible after the constitution of a Tribunal, its President shall endeavor to ascertain the views of the parties regarding questions of procedure. For this purpose he may request the parties to meet him. He shall, in particular, seek their views on the following matters:

> (a) the number of members of the Tribunal required to constitute a quorum at its sittings;
>
> (b) the language or languages to be used in the proceeding;
>
> (c) the number and sequence of the pleadings and the time limits within which they are to be filed;
>
> (d) the number of copies desired by each party of instruments filed by the other;
>
> (e) dispensing with the written or oral procedure;
>
> (f) the manner in which the cost of the proceeding is to be apportioned; and
>
> (g) the manner in which the record of the hearings shall be kept.

(2) In the conduct of the proceeding the Tribunal shall apply any agreement between the parties on procedural matters, which is not inconsistent with any provisions of the Additional Facility Rules and the Administrative and Financial Regulations of the Centre.

## Article 29
## Pre-Hearing Conference

(1) At the request of the Secretary-General or at the discretion of the President of the Tribunal, a pre-hearing conference between the Tribunal and the parties may be held to arrange for an exchange of information and the stipulation of uncontested facts in order to expedite the proceeding.

(2) At the request of the parties, a pre-hearing conference between the Tribunal and the parties, duly represented by their authorized rep-

resentatives, may be held to consider the issues in dispute with a view to reaching an amicable settlement.

## Article 30
## Procedural Languages

(1) The parties may agree on the use of one or two languages to be used in the proceeding, provided that if they agree on any language that is not an official language of the Centre, the Tribunal, after consultation with the Secretary-General, gives its approval. If the parties do not agree on any such procedural language, each of them may select one of the official languages (i.e., English, French and Spanish) for this purpose. Notwithstanding the foregoing, one of the official languages of the Centre shall be used for all communications to and from the Secretariat.

(2) If two procedural languages are selected by the parties, any instrument may be filed in either language. Either language may be used at the hearing subject, if the Tribunal so requires, to translation and interpretation. The orders and the award of the Tribunal shall be rendered and the record kept in both procedural languages, both versions being equally authentic.

## Article 31
## Copies of Instruments

Except as otherwise provided by the Tribunal after consultation with the parties and the Secretariat, every request, pleading, application, written observation or other instrument shall be filed in the form of a signed original accompanied by the following number of additional copies:

(a) before the number of members of the Tribunal has been determined: five; and
(b) after the number of members of the Tribunal has been determined: two more than the number of its members.

## Article 32
## Supporting Documentation

Supporting documentation shall ordinarily be filed together with the instrument to which it relates, and in any case within the time limit fixed for the filing of such instrument.

**Schedule C**
**Arbitration (Additional Facility) Rules**

### Article 33
### Time Limits

(1) Where required, time limits shall be fixed by the Tribunal by assigning dates for the completion of the various steps in the proceeding. The Tribunal may delegate this power to its President.

(2) The Tribunal may extend any time limit that it has fixed. If the Tribunal is not in session, this power shall be exercised by its President.

(3) Any step taken after expiration of the applicable time limit shall be disregarded unless the Tribunal, in special circumstances and after giving the other party an opportunity of stating its views, decides otherwise.

### Article 34
### Waiver

A party which knows or ought to have known that a provision of these Rules, of any other rules or agreement applicable to the proceeding, or of an order of the Tribunal has not been complied with and which fails to state promptly its objections thereto, shall be deemed to have waived the right to object.

### Article 35
### Filling of Gaps

If any question of procedure arises which is not covered by these Rules or any rules agreed by the parties, the Tribunal shall decide the question.

# Chapter VII
# Written and Oral Procedures

### Article 36
### Normal Procedures

Except if the parties otherwise agree, the proceeding shall comprise two distinct phases: a written procedure followed by an oral one.

### Article 37
### Transmission of the Request

As soon as the Tribunal is constituted, the Secretary-General shall transmit to each member of the Tribunal a copy of the request by which the proceeding was commenced, of the supporting documentation, of

the notice of registration of the request and of any communication received from either party in response thereto.

## Article 38
## The Written Procedure

(1)  In addition to the request for arbitration, the written procedure shall consist of the following pleadings, filed within time limits set by the Tribunal:

(a)  a memorial by the requesting party;

(b)  a counter-memorial by the other party;

and, if the parties so agree or the Tribunal deems it necessary:

(c)  a reply by the requesting party; and

(d)  a rejoinder by the other party.

(2) If the request was made jointly, each party shall, within the same time limit determined by the Tribunal, file its memorial. However, the parties may instead agree that one of them shall, for the purposes of paragraph (1) of this Article, be considered as the requesting party.

(3) A memorial shall contain: a statement of the relevant facts; a statement of law; and the submissions. A counter-memorial, reply or rejoinder shall contain an admission or denial of the facts stated in the last previous pleading; any additional facts, if necessary; observations concerning the statement of law in the last previous pleading; a statement of law in answer thereto; and the submissions.

## Article 39
## The Oral Procedure

(1) The oral procedure shall consist of the hearing by the Tribunal of the parties, their agents, counsel and advocates, and of witnesses and experts.

(2) Unless either party objects, the Tribunal, after consultation with the Secretary-General, may allow other persons, besides the parties, their agents, counsel and advocates, witnesses and experts during their testimony, and officers of the Tribunal, to attend or observe all or part of the hearings, subject to appropriate logistical arrangements. The Tribunal shall for such cases establish procedures for the protection of proprietary or privileged information.

(3) The members of the Tribunal may, during the hearings, put questions to the parties, their agents, counsel and advocates, and ask them for explanations.

**Schedule C**
**Arbitration (Additional Facility) Rules**

61

### Article 40
### Marshalling of Evidence

Without prejudice to the rules concerning the production of documents, each party shall, within time limits fixed by the Tribunal, communicate to the Secretary-General, for transmission to the Tribunal and the other party, precise information regarding the evidence which it intends to produce and that which it intends to request the Tribunal to call for, together with an indication of the points to which such evidence will be directed.

### Article 41
### Evidence: General Principles

(1) The Tribunal shall be the judge of the admissibility of any evidence adduced and of its probative value.

(2) The Tribunal may, if it deems it necessary at any stage of the proceeding, call upon the parties to produce documents, witnesses and experts.

(3) After consulting both parties, the Tribunal may allow a person or entity that is not a party to the dispute (in this Article called the "non-disputing party") to file a written submission with the Tribunal regarding a matter within the scope of the dispute. In determining whether to allow such a filing, the Tribunal shall consider, among other things, the extent to which:

>  (a) the non-disputing party submission would assist the Tribunal in the determination of a factual or legal issue related to the proceeding by bringing a perspective, particular knowledge or insight that is different from that of the disputing parties;

>  (b) the non-disputing party submission would address a matter within the scope of the dispute;

>  (c) the non-disputing party has a significant interest in the proceeding.

The Tribunal shall ensure that the non-disputing party submission does not disrupt the proceeding or unduly burden or unfairly prejudice either party, and that both parties are given an opportunity to present their observations on the non-disputing party submission.

Schedule C
Arbitration (Additional Facility) Rules

### Article 42
### Examination of Witnesses and Experts

Witnesses and experts shall be examined before the Tribunal by the parties under the control of its President. Questions may also be put to them by any member of the Tribunal.

### Article 43
### Witnesses and Experts: Special Rules

The Tribunal may:

    (a) admit evidence given by a witness or expert in a written deposition;

    (b) with the consent of both parties, arrange for the examination of a witness or expert otherwise than before the Tribunal itself. The Tribunal shall define the procedure to be followed. The parties may participate in the examination; and

    (c) appoint one or more experts, define their terms of reference, examine their reports and hear from them in person.

### Article 44
### Closure of the Proceeding

(1) When the presentation of the case by the parties is completed, the proceeding shall be declared closed.

(2) Exceptionally, the Tribunal may, before the award has been rendered, reopen the proceeding on the ground that new evidence is forthcoming of such a nature as to constitute a decisive factor, or that there is a vital need for clarification on certain specific points.

# Chapter VIII
# Particular Procedures

### Article 45
### Preliminary Objections

(1) The Tribunal shall have the power to rule on its competence. For the purposes of this Article, an agreement providing for arbitration under the Additional Facility shall be separable from the other terms of the contract in which it may have been included.

(2) Any objection that the dispute is not within the competence of the Tribunal shall be filed with the Secretary-General as soon as possi-

ble after the constitution of the Tribunal and in any event no later than the expiration of the time limit fixed for the filing of the counter-memorial or, if the objection relates to an ancillary claim, for the filing of the rejoinder—unless the facts on which the objection is based are unknown to the party at that time.

(3)  The Tribunal may on its own initiative consider, at any stage of the proceeding, whether the dispute before it is within its competence.

(4)  Upon the formal raising of an objection relating to the dispute, the Tribunal may decide to suspend the proceeding on the merits. The President of the Tribunal, after consultation with its other members, shall fix a time limit within which the parties may file observations on the objection.

(5)  The Tribunal shall decide whether or not the further proce-dures relating to the objection made pursuant to paragraph (2) shall be oral. It may deal with the objection as a preliminary question or join it to the merits of the dispute. If the Tribunal overrules the objection or joins it to the merits, it shall once more fix time limits for the further procedures.

(6)  Unless the parties have agreed to another expedited procedure for making preliminary objections, a party may, no later than 30 days after the constitution of the Tribunal, and in any event before the first session of the Tribunal, file an objection that a claim is manifestly with-out legal merit. The party shall specify as precisely as possible the basis for the objection. The Tribunal, after giving the parties the opportunity to present their observations on the objection, shall, at its first session or promptly thereafter, notify the parties of its decision on the objec-tion. The decision of the Tribunal shall be without prejudice to the right of a party to file an objection pursuant to paragraph (2) or to object, in the course of the proceeding, that a claim lacks legal merit.

(7)  If the Tribunal decides that the dispute is not within its compe-tence or that all claims are manifestly without legal merit, it shall issue an award to that effect.

## Article 46
## Provisional Measures of Protection

(1)  Unless the arbitration agreement otherwise provides, either party may at any time during the proceeding request that provisional measures for the preservation of its rights be ordered by the Tribunal. The Tribunal shall give priority to the consideration of such a request.

(2)  The Tribunal may also recommend provisional measures on its own initiative or recommend measures other than those specified in a request. It may at any time modify or revoke its recommendations.

(3) The Tribunal shall order or recommend provisional measures, or any modification or revocation thereof, only after giving each party an opportunity of presenting its observations.

(4) The parties may apply to any competent judicial authority for interim or conservatory measures. By doing so they shall not be held to infringe the agreement to arbitrate or to affect the powers of the Tribunal.

## Article 47
### Ancillary Claims

(1) Except as the parties otherwise agree, a party may present an incidental or additional claim or counter-claim, provided that such ancillary claim is within the scope of the arbitration agreement of the parties.

(2) An incidental or additional claim shall be presented not later than in the reply and a counter-claim no later than in the counter-memorial, unless the Tribunal, upon justification by the party presenting the ancillary claim and upon considering any objection of the other party, authorizes the presentation of the claim at a later stage in the proceeding.

## Article 48
### Default

(1) If a party fails to appear or to present its case at any stage of the proceeding, the other party may request the Tribunal to deal with the questions submitted to it and to render an award.

(2) Whenever such a request is made by a party the Tribunal shall promptly notify the defaulting party thereof. Unless the Tribunal is satisfied that that party does not intend to appear or to present its case in the proceeding, it shall, at the same time, grant a period of grace and to this end:

> (a) if that party had failed to file a pleading or any other instrument within the time limit fixed therefor, fix a new time limit for its filing; or
>
> (b) if that party had failed to appear or present its case at a hearing, fix a new date for the hearing.

The period of grace shall not, without the consent of the other party, exceed 60 days.

(3) After the expiration of the period of grace or when, in accordance with paragraph (2) of this Article, no such period is granted, the Tribunal shall examine whether the dispute is within its jurisdiction and, if it is satisfied as to its jurisdiction, decide whether the submissions made are well-founded in fact and in law. To this end, it may, at

any stage of the proceeding, call on the party appearing to file observations, produce evidence or submit oral explanations.

## Article 49
### Settlement and Discontinuance

(1) If, before the award is rendered, the parties agree on a settlement of the dispute or otherwise to discontinue the proceeding, the Tribunal, or the Secretary-General if the Tribunal has not yet been constituted, or has not yet met, shall, at their written request, in an order take note of the discontinuance of the proceeding.

(2) If requested by both parties and accepted by the Tribunal, the Tribunal shall record the settlement in the form of an award. The Tribunal shall not be obliged to give reasons for such an award. The parties will accompany their request with the full and signed text of their settlement.

## Article 50
### Discontinuance at Request of a Party

If a party requests the discontinuance of the proceeding, the Tribunal, or the Secretary-General if the Tribunal has not yet been constituted, shall in an order fix a time limit within which the other party may state whether it opposes the discontinuance. If no objection is made in writing within the time limit, the Tribunal, or if appropriate the Secretary-General, shall in an order take note of the discontinuance of the proceeding. If objection is made, the proceeding shall continue.

## Article 51
### Discontinuance for Failure of Parties to Act

If the parties fail to take any steps in the proceeding during six consecutive months or such period as they may agree with the approval of the Tribunal, or of the Secretary-General if the Tribunal has not yet been constituted, they shall be deemed to have discontinued the proceeding and the Tribunal, or if appropriate the Secretary-General, shall, after notice to the parties, in an order take note of the discontinuance.

Schedule C
Arbitration (Additional Facility) Rules

# Chapter IX
# The Award

## Article 52
## The Award

(1) The award shall be made in writing and shall contain:

    (a) a precise designation of each party;

    (b) a statement that the Tribunal was established under these Rules, and a description of the method of its constitution;

    (c) the name of each member of the Tribunal, and an identification of the appointing authority of each;

    (d) the names of the agents, counsel and advocates of the parties;

    (e) the dates and place of the sittings of the Tribunal;

    (f) a summary of the proceeding;

    (g) a statement of the facts as found by the Tribunal;

    (h) the submissions of the parties;

    (i) the decision of the Tribunal on every question submitted to it, together with the reasons upon which the decision is based; and

    (j) any decision of the Tribunal regarding the cost of the proceeding.

(2) The award shall be signed by the members of the Tribunal who voted for it; the date of each signature shall be indicated. Any member of the Tribunal may attach his individual opinion to the award, whether he dissents from the majority or not, or a statement of his dissent.

(3) If the arbitration law of the country where the award is made requires that it be filed or registered by the Tribunal, the Tribunal shall comply with this requirement within the period of time required by law.

(4) The award shall be final and binding on the parties. The parties waive any time limits for the rendering of the award which may be provided for by the law of the country where the award is made.

## Article 53
## Authentication of the Award;
## Certified Copies; Date

(1) Upon signature by the last arbitrator to sign, the Secretary-General shall promptly:

(a) authenticate the original text of the award and deposit it in the archives of the Secretariat, together with any individual opinions and statements of dissent; and

(b) dispatch a certified copy of the award (including individual opinions and statements of dissent) to each party, indicating the date of dispatch on the original text and on all copies;

provided, however, that if the original text of the award must be filed or registered as contemplated by Article 52(3) of these Rules the Secretary-General shall do so on behalf of the Tribunal or return the award to the Tribunal for this purpose.

(2) The award shall be deemed to have been rendered on the date on which the certified copies were dispatched.

(3) Except to the extent required for any registration or filing of the award by the Secretary-General under paragraph (1) of this Article, the Secretariat shall not publish the award without the consent of the parties. The Secretariat shall, however, promptly include in the publications of the Centre excerpts of the legal reasoning of the Tribunal.

## Article 54
### Applicable Law

(1) The Tribunal shall apply the rules of law designated by the parties as applicable to the substance of the dispute. Failing such designation by the parties, the Tribunal shall apply (a) the law determined by the conflict of laws rules which it considers applicable and (b) such rules of international law as the Tribunal considers applicable.

(2) The Tribunal may decide *ex aequo et bono* if the parties have expressly authorized it to do so and if the law applicable to the arbitration so permits.

## Article 55
### Interpretation of the Award

(1) Within 45 days after the date of the award either party, with notice to the other party, may request that the Secretary-General obtain from the Tribunal an interpretation of the award.

(2) The Tribunal shall determine the procedure to be followed.

(3) The interpretation shall form part of the award, and the provisions of Articles 52 and 53 of these Rules shall apply.

Schedule C
Arbitration (Additional Facility) Rules

### Article 56
### Correction of the Award

(1) Within 45 days after the date of the award either party, with notice to the other party, may request the Secretary-General to obtain from the Tribunal a correction in the award of any clerical, arithmetical or similar errors. The Tribunal may within the same period make such corrections on its own initiative.

(2) The provisions of Articles 52 and 53 of these Rules shall apply to such corrections.

### Article 57
### Supplementary Decisions

(1) Within 45 days after the date of the award either party, with notice to the other party may request the Tribunal, through the Secretary-General, to decide any question which it had omitted to decide in the award.

(2) The Tribunal shall determine the procedure to be followed.

(3) The decision of the Tribunal shall become part of the award and the provisions of Articles 52 and 53 of these Rules shall apply thereto.

# Chapter X
# Costs

### Article 58
### Cost of Proceeding

(1) Unless the parties otherwise agree, the Tribunal shall decide how and by whom the fees and expenses of the members of the Tribunal, the expenses and charges of the Secretariat and the expenses incurred by the parties in connection with the proceeding shall be borne. The Tribunal may, to that end, call on the Secretariat and the parties to provide it with the information it needs in order to formulate the division of the cost of the proceeding between the parties.

(2) The decision of the Tribunal pursuant to paragraph (1) of this Article shall form part of the award.

**Schedule C**
**Arbitration (Additional Facility) Rules**

# Chapter XI
# General Provisions

## Article 59
## Final Provision

The text of these Rules in each official language of the Centre shall be equally authentic.

Schedule C
Arbitration (Additional Facility) Rules